(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                            SUPERIOR COURT
                                                        CIVIL ACTION

                                                        NO. 2282cv0115

William Farrell ....................., Plaintiff(s)

v.

Nautilus Insurance Group ............, Defendant(s)

### SUMMONS

To the above-named Defendant:   Nautilus Insurance Group

You are hereby summoned and required to serve upon Edward A. Bopp, Esq. of Monahan & Associates, P.C. plaintiff's attorney, whose address is 113 Union Wharf East, Boston, MA 02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS,   JUDITH FABRICANT, Esquire, at .................... the ninth

day of February ...................., in the year of our Lord two thousand and twenty two

                                                        _____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption.
   If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on February 23, 2022, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

By First Class Mail to Nautilus Insurance Company at 7233 E. Butherus Drive, Scottsdale, AZ 85260

Dated: 2/23/2022, 20 _____
STACY SIEGAN

N. B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

RECEIVED
FEB 23 2022
DIVISION OF INSURANCE
LEGAL DIVISION
, 20

---

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.
SUPERIOR COURT
CIVIL ACTION
NO. 2282cv0115

William Farrell ..............., Plaintiff

v.

Nautilus Insurance Group ..., Defendant

SUMMONS
(Mass. R. Civ. P.4)

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                                    SUPERIOR COURT
                                                                CIVIL ACTION NO.:

                                                                2282cv0115

| | |
|---|---|
| WILLIAM FARRELL | ) |
| Plaintiff, | ) |
| vs. | ) |
| NAUTILUS INSURANCE GROUP, | ) |
| Defendants. | ) |

### COMPLAINT ON A JUDGMENT AND JURY DEMAND

### PARTIES

1. The Plaintiff, William Farrell (hereinafter "Farrell"), is a Massachusetts resident with an address of 91 Chute Road in Dedham, Massachusetts.

2. The Reach and Apply Defendant, Nautilus Insurance Group (hereinafter "Nautilus"), is a Delaware Corporation with a principal place of business at 7233 E Butherus Dr., Scottsdale, AZ 85260. Nautilus is N6's professional liability insurance carrier.

### JURISDICTION AND VENUE

3. The events giving rise to the present action occurred in Dedham, Norfolk County, Massachusetts. Judgment was subsequently rendered against N6 Energy Inc. (hereinafter "N6"), an insured of Nautilus. Massachusetts' Reach and Apply statute, M.G.L. Ch. 214 § 3, grants "the supreme judicial and superior courts... original and concurrent jurisdiction" over certain cases, including reach and apply actions.

### FACTS

4. At all times relevant to this lawsuit, Farrell owned a single-family residence located at 91 Chute Road in Dedham, Massachusetts (hereinafter the "Property").

5. In November 2015, Farrell contracted with N6 to install spray foam insulation at the Property. N6 installed spray foam insulation in the attic space that same month.

6. In March 2016, Farrell contacted N6 regarding areas of the attic where no spray foam insulation had been applied and requested that it return to completely cover the area to be insulated.

7. On or about March 29, 2016, N6 arrived at the Property to complete the application of spray foam in the areas where foam was not applied during the initial insulation.

8. After initially applying spray foam insulation within the attic of the Property, the workers performing left the inside of the residence but remained at the Property. It was at this time that a fire was discovered in the attic.

9. The Dedham Fire Department responded to the Property and quickly attacked the fire that spread through the attic. Mutual aid was requested from fire departments in Westwood, Norwood, Needham and Boston to assist with the firefighting efforts, which included removal of the second floor ceilings to access the fire in the attic.

10. The fire caused significant damage to the building and its contents. Fire damaged the roof of the Property and residual damage from the fire occurred on the second floor. Water damage from the firefighting efforts also damaged the first floor of the Property.

11. As a consequence of the fire, William Farrell incurred over $413,655.35 in property damage and additional living expenses.

12. A cause and origin investigation was conducted following the fire. During the course of that investigation electrical components in the residence were ruled out as a potential cause of the fire.

13. The area of origin was in a space where N6 applied foam insulation.

14. When applying spray foam insulation, the installer must allow the foam to expand sufficiently before applying a second layer over it. When spray foam is applied too quickly or too thickly, exothermic reactions occur within the foam, causing a buildup of heat and ultimately ignition of the foam.

15. The cause and origin investigation revealed that the fire was caused by N6 applying the spray foam too thick or applying a second layer before the initial foam layer expanded.

16. Before any investigators had the opportunity to inspect the Defendant's truck and equipment used to install the spray foam insulation, it was removed from the Property.

17. On March 8, 2018, the Plaintiff filed a complaint against N6 for breach of contract and negligence, with service effectuated by the Middlesex County Sheriff's Office on March 29, 2018 at N6's sole officer, Charles Newborn's, last and usual place of abode in Malden, MA.

18. The Plaintiff also attempted to serve Mr. Newborn at various addresses in Alabama and Georgia, as well as publishing notices of the lawsuit in the Boston Globe, Atlanta Constitution-Journal and the Birmingham News.

19. The Plaintiff also notified Nautilus of the lawsuit, which indicated it would not enter an appearance on behalf of N6.

20. On March 28, 2019, the Plaintiff mailed a copy of the summons and complaint to Mr. Newborn's place of business, SEEL LLC in Norcross, GA, with the Plaintiff receiving the return receipt on May 14, 2019.

21. N6 failed to file a responsive pleading.

22. On February 17, 2021, the Plaintiff sent Mr. Newborn notice of the March 10, 2021 damage assessment hearing with return receipt requested.

23. On February 22, 2021, USPS's tracking site indicated that the certified mail copy of the notice was in fact delivered.

24. Neither Mr. Newborn nor any representative of N6 were present at the damage assessment hearing, and judgement for the full amount of $413,665.35 with $149,429.69 in interest was entered for the Plaintiff, totaling $563,095.04.

25. N6 owes the Plaintiff the judgment amount of $563,095.04 for the damages caused to the Plaintiff's home as a result of the negligent installation of Spray-Foam insulation that was the direct cause of the fire.

26. As N6's insurer, the Plaintiff is informed and has reason to believe that Nautilus had a duty to defend N6 and indemnify N6 for the damages caused to the Plaintiff's home and is therefore responsible for paying the Plaintiff the sum of $563,095.04 based upon the judgment entered against N6.

27. N6 has not satisfied the judgment to date.

28. N6 has no other assets known to the Plaintiff to satisfy the judgment the Plaintiff expects to recover, and the Plaintiff does not know whether the monies owed by Nautilus to N6 will be due or become due.

29. The Plaintiff knows of no other available remedy at law to enforce a payment of the judgment in its favor.

## COUNT I
## REACH AND APPLY ACTION

30. The Plaintiff realleges and incorporates herein fully paragraphs 1 – 29 of this Complaint in this Count.

31. Nautilus provided a liability and/or other policy of insurance to N6 that covered the claims asserted by the Plaintiff against N6.

32. Nautilus had a duty to defend N6 and indemnify N6 for the damages caused to the Plaintiff's home.

33. Nautilus failed to defend and indemnify N6 for the damages caused to the Plaintiff's home.

34. The Plaintiff has received a judgment against N6 for the full amount of $413,665.35 with $149,429.69 in interest totaling $563,095.04.

35. The judgment has not been satisfied by or on behalf of N6; therefore, the Plaintiff may assert this reach and apply action against Nautilus pursuant to M.G.L. Ch. 214 § 3.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays:

1. That Nautilus be forthwith restrained and enjoined from selling, transferring, assigning or otherwise disposing of, alienating or hypothecating its interest in the first $563,365.04 of monies due or to become due to N6 from Nautilus, pending further orders of this court;

2. That this court order the first $563,365.04 of monies due or to become due from Nautilus to N6 to be paid into court or to be held in escrow by Nautilus, pending further order of the court;

3. That the court permit the Plaintiff to reach and apply the first $563,365.04 of monies due or to become due from Nautilus to N6 for the judgment previously rendered against N6.

4. That this court order such other and further relief as the court deems meet and proper.

## JURY DEMAND

THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

> Plaintiff,
> William Farrell,
> By his Attorney,
>
> /s/ Edward A. Bopp
>
> _____
> Edward A. Bopp, BBO #672367
> Monahan & Associates, P.C.
> 113 Union Wharf East
> Boston, MA 02109
> (617) 227-1500
> ebopp@monahanlaw.net
> Dated: February 8, 2022

9FARRELL/ReachAndApplyComplaint

4

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2282CV00115 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>William Farrell vs. Nautilus Insurance Group | | Walter F. Timilty, Clerk of Courts |
| TO: Edward Alvin Bopp, Esq.<br>Monahan and Associates, P.C.<br>113 Union Wharf East<br>Boston, MA 02109 | | COURT NAME & ADDRESS<br>Norfolk County Superior Court<br>650 High Street<br>Dedham, MA 02026 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                      **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/09/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 06/08/2022 | |
| All motions under MRCP 12, 19, and 20 | 06/08/2022 | 07/08/2022 | 08/08/2022 |
| All motions under MRCP 15 | 06/08/2022 | 07/08/2022 | 08/08/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 12/05/2022 | | |
| All motions under MRCP 56 | 01/04/2023 | 02/03/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/05/2023 |
| Case shall be resolved and judgment shall issue by | | | 02/08/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED<br>02/08/2022 | ASSISTANT CLERK | | PHONE | |
|---|---|---|---|---|

Date/Time Printed: 02-08-2022 13:45:34                                                                  SCV026\ 08/2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Norfolk Superior Court (Dedham) |

| Plaintiff | William Farrell | Defendant: | Nautilus Insurance Group |
|---|---|---|---|
| ADDRESS: | 91 Chute Road, Dedham, MA 02026 | ADDRESS: | 7233 E. Butherus Dr., Scottsdale, AZ 85260 |
| Plaintiff Attorney: | Edward A. Bopp, Monahan & Associates, P.C. | Defendant Attorney: | |
| ADDRESS: | 113 Union Wharf East, Boston, MA 02109 | ADDRESS: | |
| BBO: | 672367 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D02 | Reach and Apply | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date    $413,665.35
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)    $149,429.69

Statutory interest

TOTAL (A-F): $563,095.04

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Damages to Plaintiff's home as a result of a house fire due to the negligence of the Defendant's insured

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X /s/ Edward A. Bopp     Date: February 8, 2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X /s/ Edward A. Bopp     Date: February 8, 2022

SC0001: 1/22/2021     www.mass.gov/courts     Date/Time Printed:02-08-2022 09:40:16